Submitted March 3, appeals dismissed as moot April 6, 2016

In the Matter of W. H. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

F. B.,
*Appellant.*

Klamath County Circuit Court
1300442JV1;
Petition Numbers 1300442M, 1300620M;
A160540 (Control)

In the Matter of T. S. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

F. B.,
*Appellant.*

Klamath County Circuit Court
1300442JV2;
Petition Numbers 1300442M, 1300620M;
A160541

370 P3d 1274

Megan L. Jacquot filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

**PER CURIAM**

In these consolidated juvenile dependency appeals, father, who is a member of the Klamath Tribes (the Tribes), asserts that the juvenile court erred when it allowed the Department of Human Services (DHS) to place his two daughters with mother over his objection. Because father now supports placement of the children with mother, we dismiss father's appeals as moot.

Sometime after the juvenile court took jurisdiction of the children and the children were placed in relative foster care in Klamath County, DHS proposed to move the children, in accordance with the permanency plan of reunification, from foster care to mother's care in Portland. Father and the Tribes filed separate objections to the relocation of the children, asserting that, among other things, it would severely and detrimentally affect father's visitation with the children, would not be in the best interests of the children, and would affect the safety and stability of the children and their connection with the Tribes. The juvenile court denied the objections of father and the Tribes and entered an order from which father appeals.[1]

On appeal, father contends that the court erred by denying the objections "before allowing an evidentiary hearing on the matter." During the pendency of this appeal, the juvenile court held a permanency hearing. The court's resulting permanency judgment concluded that mother had made sufficient progress to allow the children to return home and that, in fact, the children had been recently returned to mother in Portland. The court also noted that father *"supports the current placement* and did not contest this hearing." (Emphasis added.)

DHS filed a notice of probable mootness in this court, asserting that, given father's position supporting placement of the children with mother, there is no longer a controversy between the parties. Father did not respond.

Oregon courts retain the authority to dismiss moot cases. *Couey v. Atkins*, 357 Or 460, 520, 355 P3d 866 (2015).

---

[1] The Tribes did not appeal the order and are not a party to this appeal.

"A case is moot when it involves a matter that no longer is a controversy between the parties." *Dept. of Human Services v. B. A.*, 263 Or App 675, 678, 330 P3d 47 (2014). Here, because the sole issue on appeal is the court's denial of father's objection to placement of the children with mother, and father now *supports* placement of the children with mother, there is no longer a controversy between the parties. Accordingly, we dismiss the appeals as moot.

Appeals dismissed as moot.